DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com; emilyrose@siegelyee.com

JEFF WOZNIAK, SBN 256738
LAW OFFICES OF JEFF WOZNIAK
1663 Mission Street, Suite 200
San Francisco, California 94103
Telephone: (415) 864-5600
Email: jeff@jeffwozniaklaw.com

Attorneys for Plaintiff
KAMREE MILLER

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMREE MILLER,<br><br>  Plaintiff,<br><br>vs.<br><br>FRANK MERANDA, Patrol Officer for California Highway Patrol; KEERAT LAL, Sergeant for California Highway Patrol,<br><br>  Defendants. | Case No. 4:18-cv-07323<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Kamree Miller, a mother and resident of Brentwood, California, was subject to stalking and harassment, including harassment of a sexually explicit nature, by California Highway Patrol Officer Frank Meranda for more than three years.

2. Officer Meranda's supervisor, Sergeant Keerat Lal, ratified Officer Meranda's actions and participated in additional harassment of Ms. Miller and her boyfriend in July of 2017.

3. Both officers used California Highway Patrol resources including official emails, phones and license plate search technology and their positions as sworn law enforcement officers to harass and stalk Ms. Miller. Their harassment and stalking of Ms. Miller was continuous beginning in 2015 and only ended once Ms. Miller's attorneys contacted Sergeant Lal.

4. Ms. Miller seeks compensation for her anguish and injunctive relief against the officers involved.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

6. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

7. Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

## PARTIES

8. At all times relevant hereto, plaintiff Kamree Miller was a resident of Brentwood, California.

9. At all times relevant hereto, defendant Frank Meranda was a sworn law enforcement officer employed by the California Highway Patrol. He is sued in his individual and official capacities.

10. At all times relevant hereto, defendant Keerat Lal was a sworn law enforcement officer employed by the California Highway Patrol. He is sued in his individual and official capacities.

## STATEMENT OF FACTS

11. In April 2014, Kamree Miller accompanied her father to the California Highway Patrol ("CHP") division at 5001 Blum Road, Martinez, CA 94553 to retrieve his vehicle that had been towed.

12. At the designated counter, Ms. Miller encountered sworn CHP officer Frank Meranda, who collected her contact information, which included her cell phone number, on forms she was required to fill out to have the vehicle returned.

13. Officer Meranda asked her to provide him with her email address. The forms did not ask for an email address, and he compelled this information without lawful reason or cause.

14. Officer Meranda acquired Ms. Miller's cell phone number from the forms and called her immediately after she left the building. He said inappropriate and unwanted things to her about her physical appearance and insisted that she keep in touch with him.

15. Officer Meranda began calling Ms. Miller several times a day from different numbers associated with CHP.

16. Officer Meranda also began emailing Ms. Miller regularly using the email address he had asked her to provide him when she filled out official forms for the return of her father's vehicle.

17. All calls and emails were initiated from CHP phones and email addresses.

18. Ms. Miller was not interested in a personal relationship with Officer Meranda, but she felt pressured to continue her conversations with him. Officer Meranda would call each day and if she did not answer, he would call again.

19. On average, he called her two to five times a day.

20. Ms. Miller would answer the calls in an effort to end his incessant calling. Eventually, she began using a feature on her phone to block the CHP number that he used, but Officer Meranda would then begin calling from a different CHP phone number.

21. Officer Meranda would email Ms. Miller regularly. At first, Ms. Miller would send him responses, often brief. But she attempted to avoid all communication with Officer Meranda after his email on January 21, 2015.

22. In Officer Meranda's January 21, 2015, email, sent from his CHP email address, Officer Meranda sent a nude photograph of himself with his genitals exposed.

23. It appeared that he took the photographs in a public bathroom while on duty.

24. When Ms. Miller did not respond to his sexually explicit email, he emailed her to insure that she saw the picture and offered to send it again. He continued to email her regularly from his CHP email address and call her from CHP phone numbers, despite her failure to respond.

25. After some time, Officer Meranda eased off his efforts to contact Ms. Miller.

26. On or about, December 4, 2016, Ms. Miller entered a shopping center in Brentwood, California, where she saw Officer Meranda in the parking lot.

27. Ms. Miller drove to the other end of the parking lot and entered a baby clothing store to shop for her baby daughter.

28. Officer Meranda followed her across the parking lot and into the clothing store, where he confronted her and hugged her, uninvited.

29. Officer Meranda commented on the vehicle she was driving.

30. He stayed for a brief time and then left the store. Officer Meranda immediately began emailing and calling her again. He again called two to five times a day until Ms. Miller changed her phone number.

31. The harassing communications from Officer Meranda ceased only after Ms. Miller sent an email purporting to be from her husband. In the email, Ms. Miller, in the voice of her "husband," told Officer Meranda to stop contacting her.

32. On July 19, 2017, California Highway Patrol Sergeant Keerat Lal called Ms. Miller's boyfriend, who was the registered owner of the car that Ms. Miller was driving in the parking lot when she encountered Officer Meranda in December.

33. Sergeant Lal referred to Ms. Miller's boyfriend as her husband, indicating that Officer Meranda had discussed with him the email sent by Ms. Miller where she had taken on the guise of her own husband to end Officer Meranda's contact.

34. Sergeant Lal told Ms. Miller's boyfriend that Ms. Miller was having an affair with Officer Meranda.

35. On information and belief, Sergeant Lal could not have known the identity of Ms. Miller's boyfriend without using CHP resources to conduct an unlawful search of Ms. Miller's property and to unlawfully surveil Ms. Miller.

36. Sergeant Lal attempted to intimidate Ms. Miller's boyfriend and demanded that he intervene in what he characterized as illicit activity initiated by Ms. Miller.

37. When Ms. Miller got on the phone with Sergeant Lal, he changed his tone and told Ms. Miller that she would need to come in for an interview regarding her relationship with Officer Merenda.

38. When Ms. Miller attempted to follow up with Sergeant Lal to schedule an interview through counsel, she was told that she could not make a complaint against Officer Meranda with the assistance of counsel.

39. On information and belief, Sergeant Lal did not initiate any investigation into the conduct of Officer Meranda once he knew that Officer Meranda had conducted illegal acts with respect to Ms. Miller, despite his duty to do so according to CHP policy.

*Miller v. Meranda*, Case No. 4:18-cv-07323
Complaint- 5

## EXHAUSTION OF ADMINISTRATIVE RELIEF

40. On January 18, 2018, Kamree Miller submitted a claim pursuant to California Government Code section 910 *et seq*.

41. On February 14, 2018, the Government Claims Program sent a letter acknowledging receipt of Ms. Miller's claim.

42. Response under California Government Code section 913 was due March 5, 2018. No response was provided. Ms. Miller therefore proceeds with her action pursuant to California Government Code section 945.6(2).

## FIRST CLAIM FOR RELIEF
## UNREASONABLE SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
(By plaintiff against defendants Keerat Lal and Frank Meranda.)
(42 U.S.C. § 1983)

43. Plaintiff incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44. By virtue of the foregoing, defendants Keerat Lal and Frank Meranda acted under color of law when they searched the property of Kamree Miller without lawful justification and deprived plaintiff of her right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches.

45. Further, by virtue of the foregoing, defendant Keerat Lal failed in his duty to report the unlawful conduct of defendant Frank Meranda that he had learned about and participated in, thus failing to intervene in defendant Frank Meranda's unlawful conduct, as required by CHP policy.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
(By plaintiff against defendant Frank Meranda.)
(42 U.S.C. § 1983)

46. Plaintiff incorporates by reference paragraphs 1 through 45 above as though fully set forth herein.

47. By virtue of the foregoing, defendant Meranda's sexual harassment of Kamree Miller while he was acting in his capacity as a sworn peace officer constituted

unequal treatment based on her gender and/or sex and therefore violated her right to Equal Protection under the Fourteenth Amendment.

### THIRD CLAIM FOR RELIEF
### INVASION OF PRIVACY IN VIOLATION OF CALIFORNIA CONSTITUTION
(By plaintiff against defendants Frank Meranda and Keerat Lal.)
(Article 1, Section 1)

48. Plaintiff incorporates by reference paragraphs 1 through 47 above as though fully set forth herein.

49. By virtue of the foregoing, defendants Frank Meranda and Keerat Lal violated the right to privacy guaranteed by the California Constitution when they searched Kamree Miller's property without lawful justification and when they acted upon the information acquired by the unjustifiable invasion of privacy.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BANE ACT
(By plaintiff against defendants Frank Meranda and Keerat Lal.)
(California Civil Code § 52.1)

50. Plaintiff incorporates by reference paragraphs 1 through 49 above as though fully set forth herein.

51. By virtue of the foregoing, defendants Frank Meranda and Keerat Lal interfered by threats, intimidation, or coercion with the rights of Kamree Miller secured by the Constitution of the United States and the Constitution of the State of California.

### FIFTH CLAIM FOR RELIEF
### STALKING
(By plaintiff against defendant Frank Meranda.)
(Cal. Civ. Code § 1708.7)

52. Plaintiff incorporates by reference paragraphs 1 through 51 above as though fully set forth herein.

53. By virtue of the foregoing, defendant Frank Meranda engaged in a pattern of conduct with the intent to harass plaintiff.

54. By virtue of the foregoing, defendant Frank Meranda caused plaintiff substantial emotional distress. Defendant Frank Meranda's conduct would have caused a reasonable person to suffer substantial emotional distress.

55. By virtue of the foregoing, defendant Frank Meranda engaged in conduct

that constituted a credible threat with the intent to place plaintiff in reasonable fear for her safety by using his position as a law enforcement officer and his official email and phone to harass plaintiff.

### SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(By plaintiff against defendants Frank Meranda and Keerat Lal.)
(California Common Law)

56. Plaintiff incorporates by reference paragraphs 1 through 55 above as though fully set forth herein.

57. By virtue of the foregoing, defendants Frank Meranda and Keerat Lal committed outrageous conduct in the course of the harassment of plaintiff with the intent to cause or with the reckless probability that plaintiff would suffer emotional distress, and because of this conduct, plaintiff did suffer emotional distress.

### DAMAGES

58. As a result of the actions of defendants, plaintiff has been injured and have suffered damages as follows:

    a. She has been mentally and emotionally and financially injured and damaged as a proximate result of the wrongful actions of the public employees named above, and others;

    b. In taking the actions alleged above, defendants Frank Meranda and Keerat Lal engaged in conduct that was malicious, oppressive, and in reckless disregard of the rights of plaintiff. Accordingly, plaintiff is entitled to punitive damages against defendants Frank Meranda and Keerat Lal.

WHEREFORE, plaintiff requests that this Court grant her relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 4, 2018

                                          SIEGEL, YEE & BRUNNER

                                          By _____
                                              Emily-Rose Johns

                                          Attorneys for Plaintiff
                                          Kamree Miller