1    XAVIER BECERRA
     Attorney General of California
2    JEFFREY R. VINCENT
     Supervising Deputy Attorney General
3    WILFRED FONG
     Deputy Attorney General
4    State Bar No. 154303
     1515 Clay Street, 20th Floor
5    P.O. Box 70550
     Oakland, CA  94612-0550
6     Telephone:  (510) 879-0189
      Facsimile:  (510) 622-2270
7     E-mail: Wil.Fong@doj.ca.gov
     *Attorneys for Defendant CHP Sergeant Keerat Lal*

8

9

10           IN THE UNITED STATES DISTRICT COURT

          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13

14   **KAMREE MILLER**,                Case No. 3:18-cv-07323-EMC

15               Plaintiff,     **ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT CHP SERGEANT LAL**

16       v.

17   **FRANK MERANDA, Officer for California Highway Patrol; KEERAT LAL, Sergeant for California Highway Patrol**,

18                Courtroom:    5, 17th Floor, San Francisco
               Judge: Hon. Edward M. Chen

19              Defendants.    Trial Date:     Not set
               Action Filed:  December 4, 2018

20

21       COMES NOW Defendant CHP Sergeant Lal and in response to the First Amended

22 Complaint (hereafter "complaint") on file herein admits, denies, and alleges as follows:

23       1.     Answering paragraph 1 of the complaint, Defendant lacks sufficient information at

24 this time to admit or deny the charging allegations, if any, and on that basis they are denied.

25       2.     Answering paragraph 2 of the complaint, denied.

26       3..     Answering paragraph 3 of the complaint, denied.

27       4.     Paragraph 4 of the complaint contains no charging allegations.

28

5. Answering paragraph 5 of the complaint, Defendant does not dispute that venue and jurisdiction are appropriate. Defendant denies that any acts or omissions alleged give rise to any claim asserted by Plaintiff.

6. Answering paragraph 6 of the complaint, Defendant does not dispute that venue and jurisdiction are appropriate. Defendant denies that any acts or omissions alleged give rise to any claim asserted by Plaintiff.

7. Answering paragraph 7 of the complaint, Defendant does not dispute that venue and jurisdiction are appropriate.

8. Answering paragraph 8 of the complaint, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

9. Answering paragraph 9, admitted.

10. Answering paragraph 10, admitted.

11. Answering paragraph 11, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

12. Answering paragraph 12, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

13. Answering paragraph 13, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

14. Answering paragraph 14, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

15. Answering paragraph 15, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

16. Answering paragraph 16, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

17. Answering paragraph 17, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

18. Answering paragraph 18, admitted.

19.    Answering paragraph 19, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

20.    Answering paragraph 20, denied.

21.    Answering paragraph 21, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

22.    Answering paragraph 22, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

23.    Answering paragraph 23, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

24.    Answering paragraph 24, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

25.    Answering paragraph 25, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

26.    Answering paragraph 26, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

27.    Answering paragraph 27, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

28.    Answering paragraph 28, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

29.    Answering paragraph 29, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

30.    Answering paragraph 30, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

31.    Answering paragraph 31, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

32.    Answering paragraph 32, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

33.     Answering paragraph 33, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

34.     Answering paragraph 34, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

35.     Answering paragraph 35, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

36.     Answering paragraph 36, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

37.     Answering paragraph 37, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

38.     Answering paragraph 38, Defendant admits that on or about July 19, 2017, he contacted Marty Guy as part of his investigation into the conduct of former officer Frank Meranda.  Defendant denies the remaining charging allegations, if any.

39.     Answering paragraph 39, denied.

40.     Answering paragraph 40, denied.

41.     Answering paragraph 41, denied.

42.     Answering paragraph 42, denied.

43.     Answering paragraph 43, Defendant admits that he requested Kamree Miller to meet with the CHP to discuss Frank Meranda's potential misconduct.  Defendant denies the remaining charging allegations, if any.

44.     Answering paragraph 44, denied.

45.     Answering paragraph 45, denied.

46.     Answering paragraph 46, admitted.

47.     Answering paragraph 47, admitted.

48.     Answering paragraph 48, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

49.   Answering paragraph 49, Defendant incorporates by reference all admissions, denials and affirmative allegations responsive to paragraphs 1 through 48, as though fully set forth herein.

50.   Answering paragraph 50, denied.

51.   Answering paragraph 51, denied.

52.   Answering paragraph 52, Defendant incorporates by reference all admissions, denials and affirmative allegations responsive to paragraphs 1 through 51, as though fully set forth herein.

53.   Answering paragraph 53, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

54.   Answering paragraph 54, Defendant incorporates by reference all admissions, denials and affirmative allegations responsive to paragraphs 1 through 53, as though fully set forth herein.

55.   Answering paragraph 55, denied.

56.   Answering paragraph 56, Defendant incorporates by reference all admissions, denials and affirmative allegations responsive to paragraphs 1 through 55, as though fully set forth herein.

57.   Answering paragraph 57, denied.

58.   Answering paragraph 58, Defendant incorporates by reference all admissions, denials and affirmative allegations responsive to paragraphs 1 through 57, as though fully set forth herein.

59.   Answering paragraph 59, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

60.   Answering paragraph 60, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

61.   Answering paragraph 61, Defendant lacks sufficient information at this time to admit or deny the charging allegations, if any, and on that basis they are denied.

62.     Answering paragraph 62, Defendant incorporates by reference all admissions, denials and affirmative allegations responsive to paragraphs 1 through 61, as though fully set forth herein.

63.     Answering paragraph 63, denied.

64.     Answering paragraph 64, including subparts a. and b., denied.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendant alleges as follows:

AFFIRMATIVE DEFENSE NO. 1:

The complaint presents no actual controversy or justiciable question which is presently suitable for determination in this court.

AFFIRMATIVE DEFENSE NO 2

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 3:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 4:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages.  (Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 5:

The complaint and each cause of action therein are barred by the two-year statute of limitations of Code of Civil Procedure section 335.1.

AFFIRMATIVE DEFENSE NO. 6:

The complaint and each cause of action therein are barred by the statute of limitations of Code of Civil Procedure section 342 and Government Code sections 945.4 and 945.6.

AFFIRMATIVE DEFENSE NO. 7:

Should plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 8:

Plaintiff herein willingly, voluntarily and knowingly assumed each and every risk and hazard involved in the activities alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 9:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 10:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 11:

This action against a public entity is barred by the failure to precede the action with a claim as required by Gov. Code sections 905.2, 905.7, 911.2, 945.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 12:

The damages alleged in the complaint herein are subject to a set-off either partially or in full.

AFFIRMATIVE DEFENSE NO. 13:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 14:

Answering defendant was at all relevant times acting within the course and scope of duty of public employment.

AFFIRMATIVE DEFENSE NO. 15:

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading.  As the proceeding arises under the California Government Claims Act or is for express

or implied indemnity or for contribution in a civil action, defendants are entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit. (Code Civ. Proc., § 1038.)

AFFIRMATIVE DEFENSE NO. 16:

Plaintiff's own conduct estops plaintiff from claiming the damages alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 17:

The complaint and each cause of action therein are barred and this court is without jurisdiction as there has been a failure to exhaust administrative remedies.

AFFIRMATIVE DEFENSE NO. 18:

The causes of action therein are subject to the statutory limitation of Civil Code section 1431, et seq., relating to joint and several liability for economic and noneconomic damages.

AFFIRMATIVE DEFENSE NO. 19:

Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 20:

At all relevant times, plaintiff failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 21:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 22:

The instant action is barred by the doctrine of unclean hands.

AFFIRMATIVE DEFENSE NO. 23:

Should Defendant be found liable to Plaintiff, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Plaintiff's medical providers as full payment for the medication services rendered.  In addition, to the extent

Plaintiff's fault caused or contributed to Plaintiff's injury, any award for past medical expenses can be further reduced in accordance with the provisions of Government Code section 985.

AFFIRMATIVE DEFENSE NO. 24:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Government Claims Program claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 25:

Answering defendant s made the statement and did the acts and made the omissions alleged in the complaint, if at all, in the course of employment by the State of California and plaintiff has failed to file a claim to the Government Claims Board as required by Government Code section 950.2.

AFFIRMATIVE DEFENSE NO. 26:

If and to the extent that any claim was presented to the California Government Claims Program, this lawsuit is untimely because it was filed more than six-months after a written notice of rejection of claim was personally delivered or deposited in the mail.  (Gov. Code sec. 945.6.)

AFFIRMATIVE DEFENSE NO. 27:

This court lacks subject matter jurisdiction over the causes of action alleged in the complaint herein because the allegations do not state a cause of action for Constitutional tort, or any cause of action at all.

AFFIRMATIVE DEFENSE NO. 28:

At all relevant times, defendant exercised due care and acted only in the execution or enforcement of the law.

AFFIRMATIVE DEFENSE NO. 29:

The complaint herein fails to state facts sufficient to constitute a cause of action in that simple negligence is not a federal civil rights violation.

AFFIRMATIVE DEFENSE NO. 30:

9

Answering defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 31:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 32:

All acts of defendant defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 33:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  (Gov. Code, §§ 815.2, 820.2.)

AFFIRMATIVE DEFENSE NO. 34:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care.  (Gov. Code, §§ 815.2, 820.4.)

AFFIRMATIVE DEFENSE NO. 35:

There is no liability for injury or damages, if any there were, caused by the instituting or prosecuting of any judicial or administrative proceeding.  (Gov. Code, §§ 815.2, 821.6.)

AFFIRMATIVE DEFENSE NO. 36:

There is no liability for any injury or damages, if any there were, caused by a misrepresentation by any public employee, whether such misrepresentation was negligent or intentional or not.  (Gov. Code, §§ 818.8, 822.2.)

WHEREFORE, Defendant prays that:

1.  Judgment be rendered in favor of Defendant and against plaintiff; and

2.  Plaintiff take nothing by the Complaint; and

3.  Defendant be awarded costs of suit incurred herein; and

1      4.  Defendant be awarded such other and further relief as the Court may deem necessary

2  and proper.

3

4

5  Dated:  May 8, 2019                                  Respectfully Submitted,

6                                                  XAVIER BECERRA
Attorney General of California

7                                                  JEFFREY R. VINCENT
Supervising Deputy Attorney General

8

9

10                                      */s/Wil Fong*
        WIL FONG

11                                    Deputy Attorney General
*Attorneys for Defendant
CHP Sergeant Keerat Lal*

12

13

14

15  OK2018900834
13708460.docx

16

17

18

19

20

21

22

23

24

25

26

27

28